IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROSE M. SMITH                                                                                         PLAINTIFF

vs.                                           Civil No. 1:10-cv-01056

MICHAEL J. ASTRUE                                                                               DEFENDANT
Commissioner, Social Security Administration

## ORDER

Pending now before this Court is Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act ("EAJA").  ECF No. 11.[1]  Defendant has responded to this Motion and objects to Plaintiff's requested fees.  ECF No. 14.  Defendant also argues that the attorney's fees must be made payable directly to Plaintiff, not Plaintiff's attorney.  *Id.*  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.  Pursuant to this authority, the Court issues this Order.

**1. Background:**

Rose M. Smith ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for disability benefits.  ECF No. 1.  On May 4, 2011, this Court reversed and remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g).  ECF Nos. 9-10.

On June 30, 2011, Plaintiff filed the present motion requesting an award of attorney's fees under the EAJA.  ECF Nos. 11.  With this motion, Plaintiff requests an award of attorney's fees of $2,066.25, representing 14.25 at an hourly rate of $145.00.  *Id.*  Defendant responded to this motion

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____."

on July 14, 2011. ECF No. 14. With this response, Defendant objects to the hours claimed as being excessive. *Id.* Defendant also requests that the fees be awarded directly to Plaintiff, not to Plaintiff's counsel. *Id.*

**2. Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee."..."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the ... EAJA award up to the point the claimant receives 100 percent of the past-due

benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF Nos. 9-10. Defendant does not contest Plaintiff's claim that she is the prevailing party, does not oppose her application for fees under the EAJA, and does not object to the hourly rate she requested. ECF No. 14. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $2,066.25 under the EAJA. ECF Nos. 11-13. Plaintiff requests these fees at a rate of $145.00 per hour for 14.25 hours of attorney work. *Id.* This hourly rate of $145.00 per attorney hour is authorized by the EAJA as long as a CPI is submitted and justifies the enhanced rate. *See* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, Plaintiff submitted a CPI, and Defendant does not object to an enhanced rate. ECF No. 13-1.

3

Therefore, this Court finds that Plaintiff is entitled to an hourly rate of $145.00 per attorney hour.

Further, Plaintiff has submitted an itemization of her counsel's time as a part of the application. ECF No. 12. This Court notes that Defendant objects to 1.50 of the hours Plaintiff has requested as being excessive. ECF No. 14. Specifically, Defendant claims Plaintiff should not be compensated for this time because it "could have been performed by support staff" and not by Plaintiff's attorney. *Id.* The following three entries Defendant disputes:

| | |
|---|---|
| May 8, 2010 | 30 Minutes to prepare three summonses |
| August 23, 2010 | 30 Minutes for the processing and preparation of three certified letters |
| December 2, 2010 | 30 Minutes for filing of the briefing and sending a letter to Plaintiff with a copy of the brief |

*See* ECF No. 12. Upon review of these time entries, this Court finds this requested 1.50 hours is not excessive and was properly performed by an attorney. Accordingly, this Court awards Plaintiff's full request of 14.25 hours of attorney work.

Defendant claims the EAJA fees awarded should be paid directly to Plaintiff, and not her counsel, pursuant to *Ratliff*. ECF No. 14. *Ratliff* requires that the EAJA fees be awarded to the "prevailing party" or the litigant. *See Astrue v. Ratliff,* 130 S.Ct. 2521, 2528-29 (2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in the EAJA fee award and Plaintiff owes no outstanding debt to the federal government, the EAJA fee may be awarded directly to Plaintiff's attorney.

### 4. Conclusion:

Based upon the foregoing, the Court awards Plaintiff **$2,066.25** pursuant to the EAJA, 28

U.S.C. § 2412.

**ENTERED** this **27th day of July, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE